In the Matter of the Probate of the Will of ROSE ECKHARDT, Deceased.

Surrogate's Court, Westchester County, August 1, 1946.

566

*Maxwell M. Seiden* for petitioner.

*Kenneth C. Cole,* Public Administrator for Westchester County, as administrator, in person.

GRIFFITHS, S. As no verified objections have been filed to the instrument propounded as the last will and testament of the decedent, the required proof as to the execution of such instrument may be taken before the probate clerk. So far as appears, the assets of the estate consist solely of personal property, the estimated value of which does not exceed $5,000. The sole distributee, a son of decedent, is the only person named as beneficiary in the purported will. Decedent's said son, a resident of France, has addressed a communication to the court indicating his objection to the issuance of letters to the executrix named in the will and requesting the appointment of the Public Administrator as estate representative. Like objection also has been made in open court by the attorney in fact appointed by decedent's said son.

It appearing that more than six months have elapsed since the issuance of letters of administration to the Public Administrator, the Surrogate as a matter of discretion may refuse to supersede the Public Administrator as legal representative of decedent. (Surrogate's Ct. Act, §§ 124, 136-w.) Any decree admitting the will to probate shall contain an appropriate provision against the executrix named in the will superseding the Public Administrator as administrator of the estate.

Proceed accordingly.